[Civ. No. 7428. Third Dist. Mar. 27, 1948.]

MERCANTILE COLLECTION BUREAU, Respondent, v. L. A. PINHEIRO, Appellant.

Lopez & Gomes for Appellant.

C. Ray Robinson and R. A. McCormick for Respondent.

PEEK, J.—Plaintiff's complaint was filed in Merced County on October 15, 1946, and defendant was duly served

in Fresno County on October 17, 1946. On November 18, 1946, more than 30 days after service, default judgment was entered against defendant, and on the following day satisfaction of judgment was entered..

The record discloses no further action of any kind until January 27, 1947, when counsel for defendant moved to set aside said default judgment under section 473 of the Code of Civil Procedure upon the ground that the same was taken against him through "mistake, inadvertence, surprise or excusable neglect," which motion was denied by the trial court, and it is from this order that defendant has appealed. The motion was accompanied by the proposed answer of defendant and the affidavits of F. Louis Gomes, one of his counsel, and Virginia Johnson, a legal stenographer in the office of said counsel. The Johnson affidavit, after reciting the fact of her employment, stated that on October 16, 1946, she had prepared a demurrer in said action and typed a letter addressed to the attorneys for plaintiff at 1812 L. Street, Merced, California; that she also prepared an affidavit of mailing of said demurrer but that through error the envelope enclosing a copy of said demurrer and affidavit was addressed and mailed to plaintiff's counsel at 1812 L. Street, *Fresno,* instead of *Merced.* The affidavit of Attorney Gomes, after reiterating the error of the secretary in addressing the envelope, averred that according to the information given him by defendant he [defendant] was served with summons on or about October 18, 1946; that the letter enclosing the copy of the demurrer which was mailed on November 16, 1946, was returned to his office on the morning of November 19, 1946. He immediately called Mr. McCormick, one of plaintiff's counsel at the latter's office in Merced, and upon being informed that McCormick was out of town he conferred with McCormick's secretary, informing her of what had happened. He knew nothing of the default judgment until informed by McCormick on November 20, that the same had been entered on November 18, 1946. Mr. Gomes further averred that solely by reason of the error in addressing the envelope the timely appearance by defendant was prevented. No attempt to explain or excuse the failure to file the demurrer with the clerk within the time required was made. Obviously the error in addressing the copy to the plaintiff's attorney had no effect on defendant's failure to timely appear. The proposed answer of defendant admitted the execution of the

note and the demand for payment but alleged that the same had been obtained without consideration and by reason of the duress, threats and fraud of one of the partners of the plaintiff copartnership.

Counteraffidavits in opposition to defendant's motion were filed by Attorney McCormick and his secretary Janell Flansburg, and by both members of the plaintiff partnership collection agency. The affidavit of the secretary merely refers to her conversation of November 19 with Attorney Gomes, which she states was the only conversation she ever had with anyone concerning defendant's demurrer, and that at the time of said conversation she did not know defendant's default had been taken. The affidavit of Attorney McCormick states that defendant was served in Fresno County on October 17, 1946; that on November 18, when affiant was informed by the county clerk of Merced County that no appearance had been made by defendant he caused defendant's default to be entered; and that his first conversation with Attorney Gomes was on November 20, two days after the entry of said default. The affidavits of the plaintiff partners were primarily directed at the merits of the proceedings.

It is too well established to warrant citation that appellate courts always have been favorably disposed toward such action on the part of the trial courts as will permit, rather than prevent, the adjudication of legal controversies on their merits. (*Benjamin* v. *Dalmo Mfg. Co.*, 31 Cal.2d 523 [190 P.2d 593].) But that is not to say that an order denying a motion to set aside a default will be disturbed on appeal in the absence of a clear showing that the trial court has abused its discretion in so doing. The Benjamin case contains an exhaustive discussion of the law on this point with numerous citations of authority. A reference to that case is sufficient here.

In the cited case the court, in discussing a situation not wholly unlike the present, observed that while the acts which contributed to the failure of the defendant therein to appear within the statutory time might well entitle him to relief, nevertheless it did not follow that merely because a motion was made upon apparently valid grounds within the six months' period provided for in section 473, that therefore such motion should be granted. For, in addition to the necessity of excusing the original default by a sufficient showing of "mistake, inadvertence, surprise or excusable neglect" it is also incumbent on the moving party to satisfactorily show

that his application has been made *"within a reasonable time"* but in no event "exceeding six months." It is readily apparent the six months' limitation is simply a limitation on the power of the court to grant any relief regardless of the merits of the application or its timeliness (*Benjamin* v. *Dalmo Mfg. Co., supra; Smith* v. *Pelton Water Wheel Co.,* 151 Cal. 394 [90 P. 934].) Stated otherwise, in addition to the necessity of making application *within the six months' period* it also must be made within a reasonable time, and what is reasonable must depend primarily on the facts and circumstances of each individual case.

██ Applying these rules to the present case and conceding for the purpose of discussion that mistake, inadvertence or excusable neglect has been shown sufficiently by virtue of an error occurring in the ordinary course of office routine (something not at all unique) yet nowhere in the record before us is there any showing whatever to excuse the failure of defendant to timely file his motion for relief, i. e., not only before the six months' period had elapsed but also *within a reasonable time,* and the trial court's refusal to set aside the default is justified on that ground alone. (*Benjamin* v. *Dalmo Mfg. Co., supra.*)

It necessarily follows that defendant has not sustained the burden cast upon him to show such an abuse of discretion as would warrant this court in disturbing the previous order of the trial court.

The order is affirmed.

Adams, P. J., and Thompson, J., concurred.