Filed 3/10/21  Bonura v. Ardin CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| AMANDA BONURA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DEMIAN KOLUS ARDIN,<br><br>    Defendant and Appellant. | B295423<br><br>(Los Angeles County<br>Super. Ct. No. BC 685418) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Yolanda Orozco, Judge.  Affirmed.

Kristine M. Gamboa and Ford, Walker, Haggerty, & Behar for Defendant and Appellant.

Barak Isaacs and Law Offices of Barak Isaacs for Plaintiff and Respondent.

_____

## *INTRODUCTION*

Defendant Demian Kolus Ardin appeals from an order denying his motion to vacate a default judgment against him.  He argues the trial court abused its discretion in finding that he did not bring his motion in timely fashion.  We affirm.

## *FACTS AND PROCEDURAL BACKGROUND*

### *1.   Plaintiff's Lawsuit and Default Judgment*

On January 25, 2016, a vehicle driven by defendant rear-ended a vehicle driven by plaintiff.  After pre-litigation efforts to resolve the matter proved unsuccessful, on December 4, 2017, plaintiff filed the instant action to recover damages for personal injuries arising from the collision.

After unsuccessful attempts to serve defendant with process via personal service, on December 18, 2017, a registered process server served the summons, complaint, and statement of damages on a "John Doe" at defendant's home address on Denny Avenue in North Hollywood.  Plaintiff served those same documents by mail addressed to defendant at the same location the next day.

Defendant failed to file a timely response to the complaint.  On February 2, 2018, plaintiff's counsel filed a request for entry of default, which was entered by the clerk.

Defendant's insurance company contacted defendant via email on March 23, 2018, and advised him "there is a pending lawsuit against *[sic]* pertaining" to the automobile accident on January 25, 2016.  On April 13, 2018, defendant replied by email to the insurance company stating he would work with them on the matter.  Defendant's insurance company retained counsel for him in April 2018.

In the interim, on April 9, 2018, defense counsel called plaintiff's counsel, asked him if plaintiff was willing to stipulate to set aside the default entered against defendant, and told him

2

that without a stipulation, a motion to set aside would be filed. Plaintiff's counsel informed defense counsel that plaintiff would not agree to set aside the default. Plaintiff's counsel heard nothing further from defense counsel and filed the necessary documentation to obtain a default judgment. He mailed a copy of the request for entry of judgment to defendant at his Denny Avenue address. On August 3, 2018, a default judgment was entered by the trial court in the amount of $59,900.41.

## 2. *Motion to Set Aside Default*

On August 20, 2018, defendant filed a motion to set aside the default and default judgment. The motion identified two grounds for discretionary relief: (1) under Code of Civil Procedure section 473.5, subdivision (a) on the basis that service of the summons and complaint did not result in actual notice to defendant,[1] and (2) under section 473, subdivision (b) because default resulted from surprise and/or inadvertence. In the motion, defendant asserted he "only learned of the instant lawsuit when he spoke with his attorney . . . on July 12, 2018" and that the set aside motion "was filed within a reasonable period of time thereafter."[2]

---

[1]	All subsequent statutory references are to the Code of Civil Procedure.

[2]	Defendant's motion stating he only learned about the lawsuit in July 2018 contradicted the emails defendant produced. Those emails show on March 23, 2018, defendant's insurance representative informed him that there was a pending lawsuit against defendant related to plaintiff's auto collision claim and that defendant's urgent response was needed. On April 13, 2018, 21 days after his insurance carrier first contacted him, defendant responded to the representative via email, providing his phone number and stating that he looked forward to working with the insurance company on the matter.

3

In his accompanying declaration, defendant asserted that as of July 28, 2018, he had not received any court documents from plaintiff, her counsel, the court, or anyone acting on their behalf. He acknowledged the Denny Avenue address as his address. Defendant stated he was unaware of the identity of the "John Doe" served at Denny Avenue address, and he did not know anyone who fits the description of "John Doe" as described in the proof of service. Defendant attested he was surprised to learn there was a default taken against him when he first spoke to his counsel on July 12, 2018.

In defense counsel's supporting declaration, counsel stated that she was unable to reach defendant until July 12, 2018, and that prior to that date, defendant did not respond to numerous calls, emails, voicemails, and letters. Defense counsel attested that she only obtained defendant's declaration to file with the motion from him on July 30, 2018.

Plaintiff opposed the motion, and defendant filed a reply.

On November 8, 2018, the trial court issued its written ruling denying the motion. The court observed that section 473.5, subdivision (a), and section 473, subdivision (b) require the notice of motion be served and filed within a reasonable time following entry of default but no more than two years after entry of default. The court reasoned:

"Although Plaintiff's counsel states he served a copy of the request for default entry on February 2, 2018, there is no evidence he served notice that default was actually entered. However, since it is clear that Defendant knew default had been entered as early as April 9, 2018, when counsel for both parties spoke about the default, the Court considers whether this Motion was filed within a *reasonable time* from that date. Neither Defendant nor defense counsel explains why, having knowledge of the entry of default and having been informed in April 2018

4

that Plaintiff would not stipulate to set aside default, they waited until after default judgment was entered on August 3, 2018 to file this Motion which wasn't filed until August 20th. Therefore, while technically timely, the Court finds this Motion was not filed within a reasonable time."[3]

The court continued: "Here, although Defendant declares he did not learn of the default entry until July 2018, the request for default entry was served on him at the same Denny Avenue address and not on any attorney. However, an attorney calling on Defendant's behalf, contacted Plaintiff's counsel seeking a stipulation to set default aside in April 2018. Therefore, Defendant's statement that he was not aware of the default until July 2018 is not credible. Again, neither Defendant nor defense counsel explain the delay in bringing the instant Motion until after default judgment was entered."

### 3. *Motion for Reconsideration*

On December 3, 2018, defendant filed a motion for reconsideration. In the motion, counsel argued: "Based upon the Court's own language contained in its Order as to the subjective nature of 'reasonable time' in bringing his Motion, Defendant respectfully requests that the Court reconsider its November 8, 2018 Order." Neither the motion nor the accompanying declaration by defense counsel provided a reason for the delay in filing the motion to set aside. Plaintiff opposed reconsideration

---

[3]     The trial court's statement that the motion was "technically timely" presumably referred to the requirement under section 473.5, subdivision (a) that the motion must be filed within two years after entry of default. The two years is an outside date. As the trial court pointed out, the motion must also be made in a reasonable amount of time following default. (See §§ 473.5, subd. (a); 473, subd. (b).)

5

as untimely and lacking new facts or law that would provide a basis for relief.

On December 28, 2018, the court denied defendant's motion for reconsideration. The court explained that defense counsel "did not state what new or different facts, circumstances, or law warrant reconsideration," or "that there is a reason why they were not presented earlier."

On January 28, 2019, defendant filed a notice of appeal, in which he appealed the entry of default, the default judgment, the denial of motion to set aside default and the denial of motion for reconsideration.[4]

## *DISCUSSION*

We begin our analysis with a recitation of the two statutes under which defendant sought relief: sections 473.5, subdivision (a), and 473, subdivision (b).

Section 473.5, subdivision (a) states: "When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action. *The notice of motion shall be served and filed within a reasonable time*, but in no event exceeding the earlier of: (i) two years after entry of a default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered." (Italics added.)

Section 473, subdivision (b) reads: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other

---

[4] On appeal, defendant makes no argument about the motion for reconsideration. We thus do not address it.

proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application . . . *shall be made within a reasonable time*, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." (Italics added.) The amount of time that is considered reasonable depends upon the facts and circumstances of each particular case. (*Carrasco v. Craft* (1985) 164 Cal.App.3d 796, 805 [applying section 473].) The moving party must show diligence after discovering default. (*Kendall v. Barker* (1988) 197 Cal.App.3d 619, 624 (*Kendall*) [applying section 473].)

We review the court's ruling on request for relief from default for abuse of discretion. (*Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 929 [request under section 473, subd. (b)]; *Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 861 [request under section 473.5, subd. (a)].)

Here, the court found plaintiff failed to bring the motion for relief in a reasonable time. Defendant first contends he had two years to bring the motion –until August 2020 – under section 473.5. He asserts that because there was no proof of service for the entry of default in the record, neither the clerk nor plaintiff gave proper notice of the default and therefore he had the full two year period to bring the motion. The two-year requirement in section 473.5 and the six-month requirement in section 473 are distinct from the defendant's obligation to file its motion within a reasonable time. (See *Mercantile Collection Bureau v. Pinheiro* (1948) 84 Cal.App.2d 606, 609 (*Mercantile*) ["in addition to the necessity of making application within the six months' period it also must be made within a reasonable time, and what is reasonable must depend primarily on the facts and circumstances of each individual case"].)

7

The trial court specifically found the delay in bringing the motion was unreasonable and that defendant was not credible in stating he did not know of the lawsuit and default until mid-July 2018. The court based its finding on the following: (1) defendant was served via mail with the complaint and the request for default at his undisputed home address, (2) defendant acknowledged the lawsuit in an email to his insurance company in April 2018, (3) defense counsel asked plaintiff's counsel to set aside the default in April 2018, and (4) defendant and defense counsel failed to explain defendant's absence from the litigation from April to July 2018.[5]

Defendant mischaracterizes the court's ruling when he argues that the court improperly imputed defense counsel's knowledge of the default to him. On the contrary, the court found that defendant himself knew of the lawsuit and default as early as April 2018, but simply did not act in a timely fashion to address it, and instead waited more than four months.[6] "[A]s to the affidavits relating to proof of excuse and diligence, the rule for resolving conflicts is the same as that governing oral testimony and it is for the court below to determine the credibility of those executing the affidavits and the weight of the

---

[5] The court's finding that defendant was not credible when defendant said he did not learn of the default until July 2018 is consistent with the implied finding that defendant and his attorney discussed the default on or about April 9, 2018, the date plaintiff's attorney told defendant's attorney that plaintiff would not stipulate to set aside the default. (*Ermoian v. Desert Hospital* (2007) 152 Cal.App.4th 475, 494 ["Ordinarily, when the court's statement of decision is ambiguous or omits material factual findings, a reviewing court is required to infer any factual findings necessary to support the judgment."].)

[6] The court found the delay was from April to August 2018.

8

evidence so adduced [citation]. With the lower court's determination of these matters an appellate court will not interfere." (*Fidelity Federal Sav. and Loan Asso. v. Long* (1959) 175 Cal.App.2d 149, 153.)

By brief comparison to other appellate decisions, we conclude the court did not abuse its discretion in finding defendant's unexplained four-month delay was unreasonable. A two-and-a-half month delay was found unreasonable where "[n]o attempt to explain or excuse the failure to file the demurrer with the clerk within the time required was made" and "nowhere in the record . . . is there any showing whatever to excuse the failure of defendant to timely file his motion for relief." (*Mercantile, supra,* 84 Cal.App.2d at pp. 607, 609.) Unexplained delays of three and nearly six months have also been found unreasonable. (*Benjamin v. Dalmo Mfg. Co.* (1948) 31 Cal.2d 523, 529; *Kendall, supra,* 197 Cal.App.3d at p. 623.)

### *DISPOSITION*

We affirm the judgment. Plaintiff Amanda Bonura is awarded her costs on appeal.

RUBIN, P.J.

WE CONCUR:

BAKER, J.

MOOR, J.

9