Filed 11/29/23  Gauna v. JPMorgan Chase Bank CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| RAINN GAUNA, | |
| Plaintiff and Appellant, | C094559 |
| v. | (Super. Ct. No. CU13-079937) |
| JPMORGAN CHASE BANK, N.A.,  et al., | |
| Defendants and Respondents. | |

Rainn Gauna sued JPMorgan Chase Bank, National Association (JPMorgan Chase), Chase Home Finance, LLC (Chase Home Finance), California Reconveyance Corporation (California Reconveyance) and Deutsche Bank National Trust Company (Deutsche Bank) after her property was sold at a nonjudicial foreclosure sale.  The trial court granted summary judgment in favor of defendants.

About five and a half months after a notice of entry of judgment was served on her, Gauna filed a motion for relief from the judgment pursuant to Code of Civil Procedure section 473, subdivision (b).[1]  She averred that in representing herself she made procedural mistakes that were excusable because of the confusion and restricted

---

[1]  Undesignated statutory references are to the Code of Civil Procedure.

1

access to legal resources caused by the COVID-19 shutdown.[2] The trial court denied Gauna's motion for relief from the judgment.

Although Gauna indicated in her appellate opening brief that her appeal includes the summary judgment order, her notice of appeal only identified the postjudgment order denying relief under section 473, subdivision (b). In any event, an appeal from the judgment following the order granting summary judgment would be untimely. (Cal. Rules of Court, rule 8.104(a)(1)(B); *English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130, 135-136.) We have no jurisdiction to review the summary judgment order, nor do we have jurisdiction to review orders denying ex parte applications that Gauna had filed before entry of the judgment. (See *Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56.)

As for the trial court's postjudgment order denying relief under section 473, subdivision (b), Gauna contends the trial court erred in denying the requested relief. Finding no abuse of discretion, we will affirm the trial court's order.

BACKGROUND

Gauna filed a complaint against JPMorgan Chase, Chase Home Finance, California Reconveyance, and Deutsche Bank for fraud, wrongful foreclosure, and other causes of action following a trustee's sale of her property in Nevada County. Defendants filed motions for summary judgment and/or summary adjudication in January 2020.[3]

Thereafter, Gauna filed motions to compel defendants to provide further responses to discovery, and defendants filed motions to compel discovery responses from Gauna.

---

[2] Gauna further alleged that she suffered from post-traumatic stress disorder, depression, and sleep disorders. The appellate record is insufficient to support relief on such a basis.

[3] All dates refer to 2020 unless otherwise stated.

The trial court continued the relevant hearings due to the reduction in court services related to the COVID-19 pandemic. The parties stipulated to continue the trial date and the trial court agreed to extend discovery deadlines in accordance with the new trial date. Ultimately the trial court denied Gauna's motions to compel further discovery responses.

Gauna filed ex parte applications to stay the summary judgment motions. She said the COVID-19 pandemic restricted access to legal resources, she could not oppose the summary judgment motions without the completion of discovery, and she suffered mental health issues that affected her ability to litigate. The trial court denied the ex parte applications on grounds that they were untimely, she did not submit an affidavit, legal resources including Westlaw had been available through the trial court's Website, and a self-help center paralegal had also been available in person and by e-mail and voicemail. According to the trial court, Gauna did not demonstrate diligence.

The trial court granted summary judgment in favor of defendants. Judgment was entered on September 2, and notice of entry of judgment was served on Gauna on September 14.

Over five months later, on March 1, 2021, Gauna filed a motion for relief from the judgment pursuant to section 473, subdivision (b). She said she made a mistake in not filing an opposition to the summary judgment motions, and she did not know she could move to continue the summary judgment hearing to obtain discovery. She argued her mistakes were excusable because of the confusion and restricted access to legal resources during the COVID-19 shutdown.

The trial court denied Gauna's motion on the grounds that the motion was not accompanied by a proof of service, it repeated unsuccessful arguments made in Gauna's prior ex parte applications to stay the summary judgment motions, to the extent it was a motion for reconsideration it was untimely, and to the extent it was a motion for relief under section 473, subdivision (b), Gauna did not present a proposed separate statement of undisputed material facts.

3

STANDARD OF REVIEW

In reviewing an order denying relief under the discretionary provision of section 473, subdivision (b), the issue is whether the trial court acted within its discretion. (*Security Truck Line v. Monterey* (1953) 117 Cal.App.2d 441, 445.) We will not reverse absent a clear showing of abuse. (*Carroll v. Abbott Laboratories, Inc.* (1982) 32 Cal.3d 892, 897-898; *In re Marriage of Connolly* (1979) 23 Cal.3d 590, 597-598.) Moreover, we will affirm the trial court's order if it is correct on any theory, regardless of the trial court's actual reasoning, because it is the ruling, not the reasoning, that is the subject of review. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981 (*Rappleyea*); *Davey v. Southern Pacific Co*. (1897) 116 Cal. 325, 329-330; *Hoover v. American Income Life Ins. Co.* (2012) 206 Cal.App.4th 1193, 1201.)[4]

DISCUSSION

Gauna contends the trial court erred in denying her section 473, subdivision (b) motion for relief from the judgment.

Section 473, subdivision (b) provides in pertinent part: "The court may, upon any terms as may be just, relieve a party . . . from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief . . . shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." To obtain relief under the statute, Gauna must show (1) a satisfactory excuse for her mistakes and (2) diligence in seeking relief after discovery of the mistakes. (*Elston v. City of Turlock* (1985) 38 Cal.3d 227, 234; *Hopkins & Carley v. Gens*

---

[4] Thus we do not address Gauna's arguments that the trial court erred in (1) treating her section 473 motion as a motion for reconsideration, (2) finding that she did not present required documents, (3) denying relief based on a missing proof of service, and (4) construing section 473, subdivision (b) as pertaining only to amendment of pleadings.

(2011) 200 Cal.App.4th 1401, 1410 (*Hopkins & Carley*); *Stafford v. Mach* (1998) 64 Cal.App.4th 1174, 1181 (*Stafford*); *Mercantile Collection Bureau v. Pinheiro* (1948) 84 Cal.App.2d 606, 608-609 (*Mercantile*).)

A section 473 motion must be made within a reasonable time.  (§ 473, subd. (b); *Benjamin v. Dalmo Manufacturing Co.* (1948) 31 Cal.2d 523, 528, 530 (*Benjamin*).) Because a reasonable time depends on the circumstances of the particular case, the party seeking relief must present evidence of the circumstances surrounding the delay.  (*Id.* at pp. 528-529; *Stafford, supra*, 64 Cal.App.4th at p. 1183)  An order denying relief may be affirmed on the basis of lack of diligence.  (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1422-1423 (*Huh*); see *Benjamin,* at pp. 527-533.)

Gauna's motion did not show that she took steps within a reasonable time to seek relief from the judgment.  She said she learned on June 26 that her motions to compel discovery were untimely, and she learned on July 31 that she had missed the deadline to file an opposition to the summary judgment motions.  She was at the hearing when the trial court announced its ruling granting summary judgment.  Judgment was entered on September 2.  Notice of entry of judgment was served on Gauna on September 14.  But Gauna waited about five and a half months -- until March 1, 2021 -- to assert that she made mistakes.

Gauna did not present evidence of what she did after she discovered her mistakes to obtain help or seek relief.  She has not established diligence.  (*Benjamin, supra*, 31 Cal.2d at pp. 524, 528-529; *Hopkins & Carley, supra*, 200 Cal.App.4th at pp. 1405, 1416-1417; *Huh, supra*, 158 Cal.App.4th at pp. 1420-1423; *Stafford, supra*, 64 Cal.App.4th at pp. 1177, 1185-1187; *Ludka v. Memory Magnetics International* (1972) 25 Cal.App.3d 316, 318-319, 322; *Mercantile, supra*, 84 Cal.App.2d. at pp. 607-609.)

She also did not show that her mistakes were excusable.  In essence, Gauna claims ignorance of the law.  In fact, in her rebuttal during oral argument in this court, she said she was able to file a number of documents in the trial court, but she did not know how to

5

do them correctly because she was representing herself. Relief may be granted for an honest mistake of law where the issue is complex and debatable, but relief is properly denied where the record shows only ignorance of the law coupled with a lack of diligence in ascertaining it. (*Hopkins & Carley, supra*, 200 Cal.App.4th at pp. 1412-1413; accord *Tammen v. County of San Diego* (1967) 66 Cal.2d 468, 476.)

Gauna does not establish that the relevant points of law in this case were complex and debatable. She knew she had to file a response to the summary judgment motions. The deadline for filing an opposition to a summary judgment motion is stated in section 437c, subdivision (b)(2). In addition, the option of seeking a continuance to obtain necessary discovery is also set forth in the statute. (§ 437c, subd. (h).) The statute provides that a continuance is mandatory if the party resisting summary judgment shows, through affidavits, "that facts essential to justify opposition may exist but cannot, for reasons stated, be presented." (§ 437c, subd. (h).) Section 2024.020, subdivision (a) provides the deadline for completing discovery and for hearing discovery motions. The provision for a motion for relief from a judgment is set forth in section 473, subdivision (b), and Gauna's former counsel had previously filed two motions under that statute and successfully obtained relief thereunder. Gauna's asserted ignorance of the law did not involve complex and debatable issues. Further, the declaration Gauna submitted with her motion for relief did not describe her efforts to obtain counsel or ascertain the law.

Gauna averred that her mistakes were excusable because of the COVID-19 shutdown. She said the shutdown occurred on March 12, and access to legal research resources was restricted thereafter. But the trial court found that legal resources, including Westlaw, were available to the public through the trial court's Website and that the trial court's self-help center paralegal was also available. Moreover, as Gauna admitted in oral argument, she was able to file a number of documents during the pandemic. Notwithstanding the circumstances surrounding COVID, Gauna filed four

6

discovery motions, seven ex parte applications, an opposition to a defense discovery motion, and a number of reply briefs. Gauna has not established that her mistakes were excusable under section 473, subdivision (b).

Citing *Hall v. Bellmon* (10th Cir. 1991) 935 F.2d 1106, Gauna argues that self-represented litigants should be given a reasonable opportunity to cure defects in their motions. However, *Hall* involved prisoner complaints under title 42 United States Code section 1983. (*Hall*, at pp. 1111-1112.) It does not excuse a self-represented litigant from complying with procedural rules in ordinary civil litigation. (*McNeil v. United States* (1993) 508 U.S. 106, 113.) The long-standing rule in California is that self-representation is not a basis for lenient treatment; for the most part, the rules of civil procedure apply equally to parties with and without counsel. (*Rappleyea, supra*, 8 Cal.4th at pp. 984-985.)

To secure relief under section 473, subdivision (b) based on a failure of adequate self-representation, a litigant must show the reasonable diligence a person of ordinary prudence bestows upon important business. (*Hopkins & Carley, supra*, 200 Cal.App.4th at pp. 1413-1414.) The law does not entitle a party to proceed without counsel and then turn back the clock if the self-representation yields an adverse result. (*Ibid*.) Ignorance of legal matters or inadequate self-representation generally do not constitute mistake under section 473. (*Hopkins & Carley,* at pp. 1413-1414.)

Gauna is correct that public policy supports trial on the merits. (*Hopkins & Carley, supra*, 200 Cal.App.4th at p. 1415.) But public policy also supports equal application of laws and rules and the timely resolution of disputes. (*Ibid.*; *Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1267-1270.) Gauna has not made a sufficient showing to entitle her to relief. (*Hopkins & Carley,* at p. 1410; *Stafford, supra*, 64 Cal.App.4th at p. 1181.)

Citing *Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, Gauna indicates her former attorney left her in the dark. Her argument is forfeited

7

because she provides no citation to the record supporting her assertion. (*Miller v. Superior Court* (2002) 101 Cal.App.4th 728, 743; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.) Gauna also states that she was denied due process. This contention is also forfeited because it is made without legal analysis and citation to authority. (*Okasaki v. City of Elk Grove* (2012) 203 Cal.App.4th 1043, 1045, fn. 1; *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 656.)

The trial court did not abuse its discretion in denying Gauna's motion for relief under section 473, subdivision (b).

DISPOSITION

The order denying relief under section 473, subdivision (b) is affirmed. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)


        /S/
MAURO, Acting P. J.


We concur:


        /S/
DUARTE, J.


        /S/
BOULWARE EURIE, J.