Filed 02/16/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MICHAEL YOUNESSI et al., | |
| Plaintiffs and Respondents, | G051034 |
| v. | (Super. Ct. No. 30-2013-00681537) |
| CHAIM J. WOOLF et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Sheila Fell, Judge. Motion to dismiss appeal. Motion from relief from default. Motion for judicial notice. Motions denied. Order affirmed with directions.

Baker, Keener & Nahra, Mitchell F. Mulbarger and Ashley L. Arnett for Defendant and Appellant Chaim J. Woolf.

Nemecek & Cole, Jonathan B. Cole and Mark Schaeffer for Defendant and Appellant Steven K. Camhi.

Clifford Casey; Byron & Edwards and Thomas W. Byron for Plaintiffs and Respondents.

\*          \*          \*

Defendants Chaim J. Woolf and Steven K. Camhi appeal from an order granting plaintiffs' motion to set aside the dismissal of a legal malpractice action. (Code

Civ. Proc., § 473, subd. (b); all undesignated statutory references are to this code.) The court entered the dismissal after plaintiffs Michael Younessi and Alea Investments, LLC failed to timely file an amended complaint in response to an order sustaining demurrers to the original complaint with leave to amend. Plaintiffs have filed motions to dismiss the appeal, for relief from default in failing to file a respondents' brief, and for judicial notice.

We deny plaintiffs' motions. The dismissal was in writing and signed by the trial court (§ 581d), rendering the order setting it aside appealable as a postjudgment order (§ 904.1, subd. (a)(2)). The declarations supporting the motion for relief from default in not timely filing a respondents' brief and the documents attached to the related judicial notice request fail to show good cause justifying relief from the extensive delay.

But we reluctantly affirm the trial court's order vacating the dismissal. While the evidence does not support granting relief for mistake, inadvertence, surprise, or excusable neglect, since the dismissal resulted from plaintiffs' newly retained attorney's failure to oppose the demurrers and timely file an amended complaint, plaintiffs are entitled to relief under section 473, subdivision (b)'s attorney-fault provision.

## FACTS AND PROCEDURAL BACKGROUND

Defendants Camhi, Woolf, and Ronan Cohen are attorneys who represented plaintiffs in a prior civil action. That case resulted in a large judgment against plaintiffs. We affirmed the judgment in a prior appeal. (*Diamond Enterprises, Ltd., LP. v. Younessi* (Jan. 16, 2015, G048000) [nonpub. opn.].)

Represented by attorney Robert E. Drescher, plaintiffs sued defendants, alleging the judgment in the *Diamond Enterprises* action resulted from their failure to effectively represent them. The defendants separately demurred to the complaint and Camhi and Woolf also moved to strike portions of it. By stipulation, the trial court

2

scheduled a consolidated hearing on the demurrers and motions for May 7, 2014. The court also set a case management conference on May 29.

Meanwhile, Camhi and Woolf served discovery requests on plaintiffs. Neither defendant received a response and each one filed a motion to compel compliance.

No opposition was filed to the demurrers or motions to strike. On May 1, Camhi served and filed a notice that he had not received any opposition to either his demurrer or motion to strike. Drescher also did not appear at the May 7 hearing. The trial court sustained the demurrers to each cause of action with 10 days leave to amend. Camhi served notice of the ruling on all parties the same day.

The amended complaint was due May 22. At 11:55 p.m. that day, attorney George Wass electronically filed a substitution of attorney, replacing Drescher as plaintiffs' attorney of record. The substitution of attorney form reflects Drescher signed it on March 31, but Wass did not sign it until May 20. Despite an attached proof of service showing Wass mailed copies of the document to each of the defendants, Camhi and Woolf denied knowing of the change of attorney until they received plaintiffs' motion to set aside the dismissal.

On May 27, Camhi filed an ex parte application to dismiss the action because plaintiffs failed to timely file an amended complaint. The register of actions reflects the trial court heard the application on the morning of May 28 and granted it, signing an order dismissing the complaint with prejudice as to all three defendants. The record reflects that Wass electronically filed an amended complaint on behalf of plaintiffs at 3:56 p.m. the same day. Given the fact this pleading was filed after entry of the dismissal, the court and parties apparently treated its filing as ineffectual.

On July 17, plaintiffs moved to set aside the dismissal. The motion sought relief under section 473, subdivision (b), on grounds of excusable neglect and attorney fault. Wass submitted a declaration supporting it.

According to Wass, in March he agreed to represent plaintiffs in this action. Wass admitted that he received the substitution of attorney form signed by Drescher on April 1, but claimed he forgot to sign it because he was preparing for trial.

Wass denied knowing about the pending demurrers and motions to strike, asserting, "Drescher did not mention [them]," and his office "apparently . . . missed" the entries for these pleadings when reviewing the register of actions. But Wass did acknowledge learning of the pending discovery motions. In mid-April, he attempted to discuss them with Woolf's attorney. Opposing counsel told Wass that he could not do so "until he received the Substitution of Attorney." According to Wass, he again failed to file the substitution of attorney because he "got distracted." Wass claimed he finally learned about the demurrers and the court's ruling which allowed leave to amend in mid-May, and "just assumed we got 30 days" to file an amended complaint.

Wass appeared on May 29 for the case management conference. At that time, he learned "the case had already been called, and was Dismissed." Wass acknowledged he was "at fault for not timely filing the First Amended Complaint."

All three defendants opposed the motion, but the court granted it. When asked the basis for the ruling, the trial judge stated she relied on section 473, subdivision (b)'s "discretionary" provision.

DISCUSSION

1. *Motion to Dismiss Appeal*

Plaintiffs have moved to dismiss this appeal on the ground the order vacating the dismissal of the action is not an appealable ruling. Their motion lacks merit.

Section 581d declares, "All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes." (*Kahn v. Lasorda's*

4

*Dugout, Inc.* (2003) 109 Cal.App.4th 1118, 1120, fn. 1 ["minute order, which was in writing, signed by the court, and filed in the action" treated "as an appealable judgment"].)  Consequently, an order vacating a dismissal is appealable where "the underlying judgment sought to be vacated is an appealable final judgment."  (*Elsea v. Saberi* (1992) 4 Cal.App.4th 625, 628.)

The trial court dismissed this action in a written order signed by it.  Thus, the ruling was an appealable judgment, and the order granting plaintiffs' motion to set it aside under section 473 was appealable as one "made after judgment."  (§ 904.1, subd. (a)(2); 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 194, pp. 271-272.)  We deny plaintiffs' motion to dismiss.

2. *Motions for Relief from Default and for Judicial Notice*

The motion for relief from default in failing to timely file a respondents' brief conforms to a familiar theme in this case; plaintiffs' representation by attorneys who have difficulty timely filing documents.

Respondents' appellate brief was due on or about May 5, 2015.  No brief was filed, nor was there a request for additional time to submit one.

On December 4, plaintiffs filed the present motion.  It is supported by declarations from Younessi and Clifford Casey, one of plaintiffs' current attorneys, and documents attached to the related motion for judicial notice.  Plaintiffs' argument is premised on a purportedly unfulfilled promise by Wass to prepare the brief.

Younessi claims that on August 21, 2015, he learned Wass had failed to timely file the respondents' brief.  He immediately confronted Wass about the default.  Casey acknowledges he was present at the August 21 meeting and that Wass admitted failing to timely file the respondents' brief.

One month later, on September 18, Casey substituted into the case as plaintiffs' attorney of record.  The same day, Casey filed the motion to dismiss this

5

appeal under his own signature. But according to Casey, Wass actually prepared the motion. Casey also acknowledges he waited over six weeks for Wass to prepare the respondents' brief, which, "despite . . . repeated promises," Wass failed to fulfill.

Another two weeks passed before plaintiffs hired attorney Thomas W. Byron who prepared the current motion for relief from default. The motion and its supporting declarations were signed on or before November 19. While the attached proof of service states the motion was mailed to this court and opposing parties the next day, it was not filed until December 4, less than two weeks before oral argument.

This court has the discretion to grant relief from a party's failure to timely file a brief "[f]or good cause." (Cal. Rules of Court, rule 8.60(d).) However that phrase may be defined (see Cal. Rules of Court, rule 8.63), plaintiffs' request does not qualify. The motion and its supporting declarations reflect the legal representation provided by plaintiffs' current attorneys is little better than that provided by Wass. Casey admittedly knew in August that Wass had failed to timely file the respondents' brief, but when he substituted in as plaintiffs' counsel a month later, he still took no action to seek relief from this default. Rather, Casey waited another month and a half for Wass to prepare the brief. Even then, nothing was done for another two weeks when plaintiffs associated in a second attorney. Once the motion for relief from default was prepared, it took another two weeks to file it with this court.

Under these circumstances good cause for relief has not been shown and we deny both the motion for relief from default to file respondents' brief and the motion for judicial notice.

3. *Order Granting Motion to Vacate the Judgment*

     *3.1 Discretionary Relief*

Section 473, subdivision (b) allows a court to vacate a judgment dismissing an action on two separate grounds. First, it provides "The court may, upon any terms as

6

may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect.  Application for this relief . . . shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken."  The decision to grant relief on this basis "is addressed to the sound discretion of the trial court and in the absence of a clear showing of abuse thereof, the exercise of that discretion will not be disturbed on appeal."  (*Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1399.)

Camhi and Woolf contend the trial court erred in granting relief under the discretionary prong.  We agree the trial court's reliance on this basis constituted an abuse of its discretion.

First, plaintiffs' motion failed to show they timely sought relief from the dismissal.  The motion must "be made *within a reasonable time*" after the dismissal's entry.  (§ 473, subd. (b), italics added.)  Thus, a "'moving party . . . must show *diligence* in making the motion after discovery of the default.'"  (*Kendall v. Barker* (1988) 197 Cal.App.3d 619, 625; see *Benjamin v. Dalmo Mfg. Co.* (1948) 31 Cal.2d 523, 528 [order granting relief reversed where moving party "furnished no explanation in the trial court, either by affidavit or testimony, for its dilatory procedure"]; *Mercantile Collection Bureau v. Pinheiro* (1948) 84 Cal.App.2d 606, 609 [nine-week delay untimely; "nowhere in the record before us is there any showing whatever to excuse the failure . . . to timely file [a] motion for relief"].)

Wass acknowledged that he learned of the dismissal on May 29, the day after the trial court entered it.  But he did not file the motion to vacate the dismissal until seven weeks later.  The moving papers do not provide a reason for the delay in seeking relief.  "'[W]hat is a reasonable time in any case depends upon the circumstances of that particular case'" (*Benjamin v. Dalmo Mfg. Co., supra,* 31 Cal.2d at p. 528), and "[w]hether a party has acted diligently is a factual question for the trial court" (*Huh v.*

7

*Wang* (2007) 158 Cal.App.4th 1406, 1420). "While in 'the determination of that question, a large discretion is necessarily confided to [the trial] court' [citation], there must be some showing—some evidence—as the basis for the exercise of such discretion." (*Benjamin v. Dalmo Mfg. Co., supra,* 31 Cal.2d at p. 528.) Given the absence of evidence explaining the seven-week delay in seeking to set aside the dismissal, the diligence requirement was not satisfied.

Second, Camhi and Woolf also correctly assert plaintiffs failed to provide evidence supporting a finding of excusable mistake, inadvertence or neglect. They cite the absence of a declaration from Drescher explaining his inaction in response to the notices of nonopposition and the ruling on the demurrers that Camhi served on him. As for Wass's declaration, defendants argue it reflects only inexcusable inaction on his part. We agree with these contentions.

Wass did not appear as plaintiffs' attorney of record until late on May 22, the last day on which to timely file an amended complaint. Before he filed the substitution of attorney, Drescher remained plaintiffs' counsel of record. Plaintiffs did not submit a declaration from Drescher explaining why he failed to take action.

In his declaration, Wass suggests Drescher probably "believe[d] he was out of the case as soon as he signed and returned [the substitution of attorney] to me." But section 285 provides that "[w]hen an attorney is changed, . . . written notice of the change and of the substitution of a new attorney . . . must be given to the adverse party," and "[u]ntil then he must recognize the former attorney." (*Epley v. Califro* (1958) 49 Cal.2d 849, 854 ["The attorney of record has the exclusive right to appear in court for his client and neither the party himself nor another attorney should be recognized by the court in the conduct or disposition of the case"].) On May 1, Camhi's attorney served Drescher with a notice that there had been no opposition filed to the demurrers and motions to strike. After the trial court sustained the demurrers with leave to amend, Camhi served Drescher with notice of the court's May 7 ruling. Even assuming it was

8

reasonable for Drescher to initially assume he was out of the case upon signing the substitution of attorney on March 31, once he received the notices of nonopposition and the ruling on the demurrers, he should have made inquiries as to why he was still receiving notices on the case. Yet, plaintiffs failed to present evidence Drescher took any action in response to the notices served on him, or if he did act, what steps he took.

Nor could plaintiffs rely on Wass's declaration to support granting discretionary relief. Section 473, subdivision (b) is construed liberally to further the policy of adjudicating legal controversies on the merits. (*Matera v. McLeod* (2006) 145 Cal.App.4th 44, 66.) Thus, "'"[t]hose affidavits favoring the contention of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom . . . ."'" (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257-258.) These principles notwithstanding, the nature and number of missteps acknowledged by Wass, plus his cryptic explanations for his conduct were insufficient. "'A party who seeks relief under section 473 on the basis of mistake or inadvertence of counsel must demonstrate that such mistake, inadvertence, or general neglect was excusable.'" (*Id.* at p. 258.) We must ask "'whether "a reasonably prudent *person* under the same or similar circumstances" might have made the same error.[]'" (*Ibid.*)

Wass acknowledged promptly receiving the substitution of attorney from Drescher, but "forgot" to sign it or "got distracted," even though opposing counsel refused to discuss the case with him until he filed and served the substitution form. As for not knowing about the demurrers, Wass conclusorily claimed his office presumably "missed" them. He admits that he later learned of the court's ruling on the demurrers, but does not explain how or in what manner he discovered this information. Further, contrary to the California Rules of Court, rule 3.1320(g), which states that in ruling on a demurrer, "unless otherwise ordered, leave to . . . amend within 10 days is deemed granted," Wass "just assumed" he had 30 days to file an amended complaint. "[A]n

9

attorney acting within his or her professional capacity . . . may not be excused by section 473 from errors occurring during the discharge of strictly professional duties." (*Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 684.) """"The inadvertence contemplated by the statute does not mean mere inadvertence in the abstract. If it is wholly inexcusable it does not justify relief."""" (*Henderson v. Pacific Gas & Electric Co.* (2010) 187 Cal.App.4th 215, 230.) That is the case here.

Under the circumstances of this case, we conclude the evidence fails to support setting aside the dismissal of this action under section 473, subdivision (b)'s discretionary relief prong.

### 3.2 Attorney-Fault

The second ground for relief under section 473, subdivision (b) is the attorney-fault provision. It declares, "Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any . . . resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." "Relief under this provision is mandatory if the conditions are fulfilled." (*Matera v. McLeod, supra,* 145 Cal.App.4th at p. 63.)

The trial court relied on the discretionary provision in granting plaintiffs' motion to set aside the dismissal. But a "judgment or order forming the basis of the appeal is presumed to be correct," and if it "is correct on any theory, then it must be affirmed regardless of the trial court's reasoning, whether such basis was actually invoked." (*Hoover v. American Income Life Ins. Co.* (2012) 206 Cal.App.4th 1193, 1201; see *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981; *Whyte v. Schlage Lock Co.* (2002) 101 Cal.App.4th 1443, 1451.) Consequently, "'we will not consider the court's

10

oral comments or use them to undermine the order ultimately entered.'" (*Hoover v. American Income Life Ins. Co., supra,* 206 Cal.App.4th at p. 1201.)

Unlike the discretionary ground for relief, a motion based on attorney fault need not show diligence in seeking relief. The motion is timely if filed within six months of the entry of the default judgment or dismissal. (*Milton v. Perceptual Development Corp.* (1997) 53 Cal.App.4th 861, 868 [section 473's attorney-fault provision "no longer includes a requirement of diligence and such motions are timely [when] . . . brought within six months after entry of . . . judgment"]; *Douglas v. Willis* (1994) 27 Cal.App.4th 287, 292 [same].) Nor was it necessary for Wass to be plaintiffs' attorney of record to support granting relief. In *SJP Limited Partnership v. City of Los Angeles* (2006) 136 Cal.App.4th 511, the court held a declaration of fault filed by a partnership's bankruptcy attorney sufficed to support granting relief from a dismissal. "We find nothing in the language of section 473, subdivision (b) to suggest that the Legislature intended the mandatory relief provision to be limited to those circumstances where the attorney affidavit of fault is signed by the defaulting or dismissed party's *attorney of record* in the civil case. . . . By its language, the statute only requires the affidavit be executed by an attorney who represents the client and whose mistake, inadvertence, surprise or neglect in fact caused the client's default or dismissal." (*Id.* at p. 517.)

Defendants rely on case law declaring the mandatory attorney-fault provision was not intended "'"as a 'perfect escape hatch' [citations] to undo dismissals of civil cases"'" (*Nacimiento Regional Water Management Advisory Com. v. Monterey County Water Resources Agency* (2004) 122 Cal.App.4th 961, 967), and thus "a plaintiff may obtain mandatory relief under . . . section 473 from a dismissal entered under the discretionary dismissal statutes [citation] only if it occurred because the plaintiff's attorney failed to oppose the defendant's motion for dismissal," and "not . . . merely by filing an affidavit in which his or her counsel avows that the dismissal came about through counsel's fault" (*Bernasconi Commercial Real Estate v. St. Joseph's Regional*

11

*Healthcare System* (1997) 57 Cal.App.4th 1078, 1080, fns. omitted). Further, defendants note this rule has been held to apply to a dismissal based on a plaintiff's failure to file an amended complaint after being given leave to do so. (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 620.)

But the cases have recognized the mandatory attorney-fault provision "may be reconciled with the discretionary dismissal statutes . . . if limited to those dismissals which are the procedural equivalent of defaults—i.e., those which occur because the plaintiff's attorney has failed to oppose a dismissal motion." (*Bernasconi Commercial Real Estate v. St. Joseph's Regional Healthcare System, supra*, 57 Cal.App.4th at p. 1082). Thus in *Leader*, the appellate court limited its holding to "where, as here, the dismissal was entered after a hearing on noticed motions which required the court to evaluate the reasons for delay in determining how to exercise its discretion." (*Leader v. Health Industries of America, Inc., supra,* 89 Cal.App.4th at p. 620.)

Here, defendants did not file a motion to dismiss the case. Rather, the dismissal resulted from an order granting Camhi's ex parte application for entry of a dismissal, without any opposition from plaintiffs that would allow the trial court to evaluate why they had failed to timely file an amended complaint. Consequently, the dismissal was the procedural equivalent of a default judgment, and because it resulted from Wass's inexcusable conduct, we conclude the mandatory attorney-fault provision applies in this case. For this reason, the trial court did not err in vacating the judgment of dismissal.

DISPOSITION

The motions to dismiss the appeal, for relief from default in failing to file a respondents' brief, and for judicial notice are denied. The order vacating the judgment of dismissal is affirmed and the matter is remanded to the superior court with directions to

12

set a hearing on the amount of legal fees and costs appellants are entitled to recover from attorney George Wass.  The parties shall bear their own costs on appeal.

**CERTIFIED FOR PUBLICATION**

                                                    RYLAARSDAM, ACTING P. J.

WE CONCUR:


MOORE, J.


ARONSON, J.