Filed 1/19/22  Martinez v. Lopez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| OLEGARIO MARTINEZ,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JOSEPHINE H. LOPEZ,<br><br>     Defendant and Appellant. | B310250<br><br>(Los Angeles County<br>Super. Ct. No. 20STCV02245) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michelle Williams Court, Judge.  Affirmed.

George M. Halimi for Defendant and Appellant.

Law Office of Gary Kurtz and Gary Kurtz for Plaintiff and Respondent.

\* \* \* \* \* \*

Josephine H. Lopez (appellant) appeals after the trial court denied her motion to set aside a default judgment entered against her in this action involving ownership of a multiunit residential income property located at 5931 South San Pedro St., Los Angeles, California 90011 (the property).  Appellant also challenges the trial court's award of damages and quieting title in favor of respondent Olegario Martinez (respondent).[1]

Appellant's motion for relief from default was based on her claim that she had not been properly served.  Neither party obtained a court reporter for the hearing on the motion for relief from default or the evidentiary hearing that took place pursuant to Code of Civil Procedure section 764.010.[2]

Appellant has failed to show that the trial court abused its discretion in denying the motion for relief from default.  Further, because she has provided no reporter's transcripts, appellant is precluded from raising an argument as to sufficiency of the evidence presented at the hearings.  We therefore affirm the judgment.

---

[1]     Respondent filed this action against appellant and her common-law husband Jose Luis Guzman.  Guzman died of cancer in July 2020, during the pendency of this lawsuit.  Appellant asserts, without citation to evidence, that she has acted as the administrator of Guzman's estate.

[2]     Code of Civil Procedure section 764.010 applies to actions for quiet title.  It mandates that a court hear and consider evidence of title in all such actions.

## BACKGROUND

In February 2009, respondent purchased the property.[3] On June 1, 2009, respondent executed a quitclaim deed, transferring the property to himself and appellant for no consideration.

On January 21, 2020, respondent filed a verified complaint against appellant and Guzman alleging six causes of action: (1) financial abuse of dependent adult, (2) fraud, (3) quiet title, (4) breach of fiduciary duty, (5) conversion, and (6) accounting.

On April 2, 2020, respondent filed his proof of service of summons. The proof of service contained a declaration from a registered California process server. The declaration listed three unsuccessful attempts at personal service when there was "[n]o answer at the door." However, on March 14, 2020, at 8:35 a.m., the process server successfully completed service on appellant "by leaving copies of the summons and complaint, et al. with: Amy Guzman-co-occupant." The process server declared under penalty of perjury that the declaration was true and correct.

Appellant's default was requested and entered on April 27, 2020. Appellant acknowledges having received a copy of the notice of default by mail on or about April 30, 2020.

On August 14, 2020, appellant filed her motion to vacate the default. Appellant asserted that she and Guzman had attempted to get information from the court regarding the notice

---

[3] Appellant asserts, without citation to any evidence in the record, that she and respondent each paid a 50 percent down payment on the property. Appellant's citation to the statement of facts in her motion to set aside the default is insufficient, as appellant's motion is not evidence. However, appellant admits, and the deed shows, that respondent took sole title to the property in 2009.

3

of default they received in the mail.  However due to the court's closure and stay-at-home order they could not get any information.  They retained counsel in May 2020.  Amy Guzman, the daughter of appellant and Guzman, filed a declaration that she was never served any paperwork regarding this matter on March 14, 2020, or at any time.  Though she admitted residing at the address in question, Amy Guzman declared that she would have been asleep at 8:45 a.m. on March 14, 2020.  Appellant argued that the court lacked jurisdiction over her, that the trial court should use its equitable power to set aside the default judgment, and that the court should set aside the default under Code of Civil Procedure section 473 (section 473), subdivision (b), which permits a court to relieve a party from a judgment, dismissal, or other proceeding taken against the party through his or her mistake, inadvertence, surprise, or excusable neglect.

On September 3, 2020, respondent filed his opposition to the motion to vacate the default.  Respondent argued that the declaration of the registered process server was more reliable, as the process server had no interest in the matter and had no motive to put his professional reputation on the line by falsely declaring under penalty of perjury that he had served Amy Guzman on the date and time in question.  Respondent further pointed out that the process server was entitled to a presumption that service was proper under Evidence Code section 647, that appellant did not show diligence in filing the motion for relief three and a half months after the default was entered, and that appellant did not establish grounds for relief.

On September 14, 2020, appellant filed her reply.  On September 21, 2020, the trial court heard the motion.  Both parties were present with counsel.  Having reviewed all of the

4

submitted pleadings and evidence and after hearing arguments of counsel, the trial court denied the motion to vacate.[4] On September 22, 2020, respondent filed a notice of ruling regarding the motion to vacate the default.

The prove-up hearing took place on December 7, 2020. Respondent appeared and was represented by counsel. Appellant appeared telephonically. Respondent was sworn and testified to his damages. One additional witness also testified. Respondent also produced six pages of documentary evidence in support of his damages, as well as the deeds to the property since the time the property was purchased.

The court granted respondent damages in the amount of $44,066.16. The court also quieted title to the property, declaring respondent the sole and only titled owner of the property. On December 17, 2020, the trial court entered judgment in favor of respondent.

On January 12, 2021, appellant filed her notice of appeal.

## DISCUSSION

### I.    Applicable law and standard of review

Section 473, subdivision (b), permits a court to "relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."

A motion seeking relief from default "'"lies within the sound discretion of the trial court, and the trial court's decision will not

---

[4]    The trial court simultaneously heard and ruled on other matters between the parties that are not relevant to this appeal.

5

be overturned absent an abuse of discretion.""'" (*Behm v. Clear View Technologies* (2015) 241 Cal.App.4th 1, 8.) ""'Section 473 is often applied liberally where the party in default moves promptly to seek relief, and the party opposing the motion will not suffer prejudice if relief is granted."'" (*Ibid.*) ""'Moreover, because the law strongly favors trial and disposition on the merits, any doubts in applying section 473 must be resolved in favor of the party seeking relief from default [citations]. Therefore, a trial court order denying relief is scrutinized more carefully than an order permitting trial on the merits."'" (*Ibid.*)

A motion to vacate a default is the proper procedure to attack a default where proper service of process is challenged. (*Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1249 (*Strathvale*).) The plaintiff has the initial burden of demonstrating facts justifying the exercise of personal jurisdiction over the defendant. (*Id.* at p. 1250.) ""'When there is conflicting evidence, the trial court's factual determinations are not disturbed on appeal if supported by substantial evidence.'" (*Ibid.*)

## II. Respondent established that service of summons brought appellant within the trial court's jurisdiction

When a defendant argues that service of summons was not effective, "the plaintiff has 'the burden of proving the facts that did give the court jurisdiction, that is the facts requisite to an effective service.'" (*American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 387 (*American Express*).)

Here, respondent provided evidence that appellant had been served by substitute service. Specifically, a registered process server explained that on March 14, 2020, at 8:35 a.m., he

6

left the documents at appellant's residence in the presence of Amy Guzman, "a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party." The process server "informed [Any Guzman] of the general nature of the papers." Such service was accomplished after three previous attempts to serve appellant at her home.

The manner of service attested to by the process server was proper under Code of Civil Procedure section 415.20, subdivision (b), which provides that "a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address . . . in the presence of a competent member of the household . . . at least 18 years of age, who shall be informed of the contents thereof . . . ."

Pursuant to Evidence Code section 647, the process server's information established a presumption of the facts stated in the return. Thus, the trial court was entitled to treat the process server's declaration with a presumption that service occurred as stated therein. The trial court was "not required to accept this self-serving evidence contradicting the process server's declaration." (*American Express, supra*, 199 Cal.App.4th at p. 390.) While Amy Guzman provided directly conflicting evidence, we do not disturb the trial court's resolution of these conflicting facts. (*Strathvale, supra*, 126 Cal.App.4th at p. 1250.) The declaration of the process server constituted substantial evidence in support of the trial court's decision.

**III.  Appellant has failed to show there was insufficient evidence to support the trial court's denial of her motion for relief from default**

Appellant contends that the evidence was insufficient to support the trial court's denial of relief from default.  Specifically, appellant argues that respondent failed to have the process server present to testify regarding his attempts to serve appellant and his service of the summons and complaint on Amy Guzman.  Appellant presents no authority suggesting that in-person testimony is required from a process server.  Further, appellant neglects to address Evidence Code section 647, which provides the presumption that service was proper based on the declaration of the registered process server.

To the extent that appellant seeks to argue that evidence presented at the hearing was insufficient, appellant's challenge necessarily fails because appellant did not include a reporter's transcript or other record of the oral proceedings of the hearing on her motion.  The party challenging a judgment on appeal bears the burden of providing an adequate record to enable the reviewing court to assess whether the trial court erred.  (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141 (*Ketchum*).)  The burden is placed on the challenging party because "[a] judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.)  Without an adequate record, a judgment must be affirmed.  (*Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362.)

Without a record of the oral proceedings we must presume the evidence was sufficient to deny the motion for relief from default.

8

## IV. The court did not abuse its discretion in denying relief from default

### A. *Equitable relief*

Appellant argues that the trial court should have used its inherent, equitable power to set aside the default. (Citing *Olivera v. Grace* (1942) 19 Cal.2d 570, 576.) "A party seeking relief under the court's equitable powers must satisfy the elements of a 'stringent three-pronged test': (1) a satisfactory excuse for not presenting a defense, (2) a meritorious defense, and (3) diligence in seeking to set aside the default." (*Kramer v. Traditional Escrow, Inc.* (2020) 56 Cal.App.5th 13, 29 (*Kramer*).) While appellant acknowledges that there are three elements, she only addresses one. Appellant asserts that she and Guzman had a meritorious defense to the action, in that Guzman was suffering from cancer and required extensive treatments that prevented appellant and Guzman from forwarding payments to respondent pursuant to their agreement.

However, appellant has failed to address the first and third elements required for relief under the trial court's equitable powers. The trial court credited the evidence of the registered process server showing that appellant was served in mid-March 2020. Taking into consideration the factual finding by the court that service was proper, appellant has failed to provide a satisfactory excuse for not presenting a defense to the lawsuit. "'"Although the policy of the law is to favor a hearing on the merits of a case, courts are not required to set aside default judgments for defendants who flagrantly ignore the responsibility to present a defense."'" (*Kramer, supra*, 56 Cal.App.5th at p. 29.) Appellant forfeited her right to have the matter heard on the

9

merits "by choosing to ignore this case and [her] responsibilities under the California Rules of Court." (*Id.* at p. 30.)

Further, although appellant admits receiving notice of her default in the case no later than April 30, 2020, she did not file a motion for relief from default until three and a half months later, in August 2020. Appellant cites no authority that a three-and-a-half-month delay constitutes the type of diligence required for equitable relief. (See, e.g., *Younessi v. Woolf* (2016) 244 Cal.App.4th 1137, 1145 (*Younessi*) [seven-week delay between party learning of dismissal and filing motion for relief constituted unreasonable delay]; *Mercantile Collection Bureau v. Pinheiro* (1948) 84 Cal.App.2d 606, 609 [nine-week delay in filing motion for relief untimely].) The trial court was not required to credit appellant's assertions that she was unable to take action to respond to the action due to restrictions in place due to the COVID-19 pandemic.[5] Under the circumstances, we decline to find that the trial court abused its discretion in denying equitable relief.

### B. *Statutory relief*

Appellant further argues that the trial court should have granted her relief from default under section 473. We find that the trial court did not abuse its discretion in determining that

---

[5] Appellant has requested in her reply brief that we take judicial notice of the notices issued by the Los Angeles County Superior Court as of March 4, 2020. Appellant has failed to specify a particular order that prevented her from accessing information regarding this litigation. As there were numerous orders issued by the Superior Court during the COVID-19 pandemic, and appellant has not identified any order of particular relevance, we deny appellant's request.

10

appellant's failure to respond to the complaint was not excusable neglect. "'"'The inadvertence contemplated by the statute does not mean mere inadvertence in the abstract. If it is wholly inexcusable it does not justify relief."'"'" (*Younessi, supra*, 244 Cal.App.4th at pp. 1146-1147.)

Further, a motion for relief under section 473 is subject to the same requirement that it be made "within a reasonable time, in no case exceeding six months." (§ 473, subd. (b).) As set forth above, the trial court did not abuse its discretion in determining that under the circumstances of this case, it was unreasonable for appellant to ignore service and wait until three and a half months after the entry of default to address this lawsuit.

Appellant asserts that respondent would not have been prejudiced by the granting of her motion for relief from default. Appellant cites *Slusher v. Durrer* (1977) 69 Cal.App.3d 747, 755, for the proposition that "[w]here there is no showing of prejudice to the party opposing the motion to set aside the default judgment . . . only very slight evidence is required to justify a court in setting aside the default."

Appellant fails to sufficiently support her position that respondent would not be prejudiced. In contrast to appellant's assertion, the record shows that respondent presented evidence of prejudice. He asserted in his declaration that he intended to return to his village in Mexico because he was presently unemployed and could live there on very little money. The pendency of the lawsuit was causing him to suffer medically and financially due to the delay. The trial court was permitted to credit respondent's evidence and find that granting appellant relief from default would be prejudicial to respondent.

11

Considering the above factors, we find the trial court did not abuse its discretion in denying the motion for relief from default under section 473, subdivision (b).

## V. Appellant has failed to establish that the trial court erred in granting respondent title to the property and damages

Code of Civil Procedure section 764.010 provides:

"The court shall examine into and determine the plaintiff's title against the claims of all the defendants.  The court shall not enter judgment by default but shall in all cases require evidence of plaintiff's title and hear such evidence as may be offered respecting the claims of any of the defendants, other than claims the validity of which is admitted by the plaintiff in the complaint.  The court shall render judgment in accordance with the evidence and the law."

Appellant acknowledges that the trial court held a prove-up hearing in accordance with Code of Civil Procedure section 764.010 on December 7, 2020.  Appellant further acknowledges that respondent produced six pages of documentation regarding his damages, as well as copies of the deeds to the property since the time that respondent purchased the property.  Respondent also provided oral testimony to the trial court at the hearing.  Despite this evidence appellant claims that there was insufficient evidence supporting the trial court's decision to award the property to respondent and to award respondent damages.  Appellant claims that respondent failed to produce (1) any written evidence that he solely paid for the down payment of the property when it was purchased, (2) any evidence that he is a dependent adult, or (3) any evidence that he was defrauded by appellant and Guzman for the transfer of title and loan.

12

Appellant's claim for insufficiency of the evidence must fail. Without a record of the oral proceedings, we must presume the evidence was sufficient to award title of the property and damages to respondent. As set forth above, appellant failed to meet her burden of providing an adequate record to enable this court to assess whether the trial court erred. (*Ketchum, supra*, 24 Cal.4th at pp. 1140-1141.)

## VI. Appellant's arguments regarding the statute of frauds and statute of limitations are not properly before this court

Appellant raises two arguments that we may not consider because they were not raised or considered at the trial court level: (1) that respondent failed to meet the requirements of the statute of frauds concerning the agreement between the parties and (2) that respondent failed to meet the requirements of the applicable statutes of limitations.

Appellant has failed to provide a citation to the record showing that these issues were considered at the trial court level. "'[W]e ignore arguments, authority, and facts not presented and litigated in the trial court. Generally, issues raised for the first time on appeal which were not litigated in the trial court are waived.'" (*Newton v. Clemons* (2003) 110 Cal.App.4th 1, 11.)

Both issues appellant seeks to put before this court are affirmative defenses that must be raised at the trial court level. (*Barroso v. Ocwen Loan Servicing, LLC* (2012) 208 Cal.App.4th 1001, 1015 [statute of frauds must be raised as an affirmative defense in the trial court to be considered on appeal]; *Ladd v. Warner Bros. Entertainment, Inc.* (2010) 184 Cal.App.4th 1298, 1309 [statute of limitations is an affirmative defense and defendant has the burden to prove all facts essential to this

13

defense at the trial court level].)  Due to her default, appellant failed to present these issues in the trial court.  Therefore, we do not consider them on appeal.

## DISPOSITION

The judgment is affirmed.  Respondent is awarded his costs of appeal.

_____

CHAVEZ, J.

We concur:

_____

ASHMANN-GERST, Acting P. J.


_____

HOFFSTADT, J.